**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATHLEEN R. BROWN, | No. 17-35232 |
| Plaintiff-Appellant, | No. C16-5244-JPD |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted May 24, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Cathleen R. Brown appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order de novo and the agency's decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We affirm.

The ALJ did not err in evaluating Brown's testimony. The ALJ proffered specific, clear, and convincing reasons, supported by substantial evidence, for discounting portions of Brown's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (ALJ must provide specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of her symptoms); *see also Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (citation and internal quotation marks omitted)); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding no error where the ALJ considered inconsistencies between the claimant's testimony and objective medical evidence as one of many reason for discounting the testimony). Even if the ALJ erred by discounting Brown's testimony based on her failure to seek treatment, any error was harmless because the ALJ provided other valid reasons for discounting the testimony and substantial evidence supports the ALJ's conclusions. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining harmless error analysis); *Orn v. Astrue*, 495 F.3d 625, 636-38 (9th Cir. 2007) (although an ALJ may discount a claimant's testimony based on a failure to seek treatment, the failure must be "unexplained, or inadequately explained" and

2

"disability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds").

Brown's omission of additional testimony concerning her sleep apnea does not demonstrate that the ALJ neglected her duty to fully and fairly develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (claimant bears the burden of proving disability; "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Even if the ALJ erred by failing to provide substantial evidentiary support for discounting lay witness testimony by Brown's husband, Peter Brown, any error was harmless because the testimony described substantially similar limitations as Brown's testimony, and the "ALJ's reasons for rejecting [Brown's] testimony apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122.

The ALJ did not err in formulating Brown's RFC by failing to include in the hypothetical to the vocational expert restrictions that Brown's attorney added when questioning the vocational expert. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) ("The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. Rather, the ALJ is free to accept or reject those restrictions as long as they are supported by substantial evidence." (citation and internal quotation marks omitted)). Having

3

determined that Brown was not disabled, the ALJ was not obligated to proceed to Step Five. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).

We decline to address Brown's contention that the ALJ's analysis of Brown's testimony about fibromyalgia symptoms violated Social Security Ruling 12-2p because Brown failed to argue this issue with any specificity in her briefing. *See Carmickle*, 533 F.3d at 1161 n.2.

**AFFIRMED.**